JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

------------------------------------------------------------------------x

Armand Edery, individually and on behalf of all others similarly situated,

          Plaintiff,

-against-

Unifin, Inc., and John Does 1-25,

          Defendant(s).

------------------------------------------------------------------------x

**Index No.:**

**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

**DEMAND FOR JURY TRIAL**

    Plaintiff Israel Husarsky brings this Class Action Complaint by and through his attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant Unifin, Inc. ("Unifin"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon

information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of Los Angeles, residing at 20644 Martinez St., Woodland Hills, CA, 91364.

8. Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served upon its registered agent Incorp Services Inc. at 901 S 2nd St, Ste. 201, Springfield, IL 62704.

9. Upon information and belief, Defendant Unifin is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of California;

   b. to whom Defendant Unifin sent a letter;

   c. attempting to collect a consumer debt;

   d. that offers to accept payment "towards a discounted offer";

   e. that does not state whether the offered settlement amount will be accepted as payment in full; or

   f. does not state the due date for one or more of the settlement payments;

   g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

- 4 -

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms **attached as Exhibit A**, violate 15 U.S.C. § 1692e and §1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained

counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Some time prior to August 19, 2020, an obligation was allegedly incurred to Bank of America, N.A.

22. The obligation arose out of a transaction in which money, property, insurance or services, of which the subject transactions, were incurred for personal purposes, specifically a Bank of America, N.A. credit card used for these types of transactions.

23. The alleged Bank of America, N.A. obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. Bank of America, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. Upon information and belief Bank of America, N.A. contracted with the Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation - August 19, 2020 Collection Letter*

27. On or about August 19, 2020, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Bank of America, N.A. A copy of this letter is attached as **Exhibit A**.

28. The letter lists the "Amount Due" as $17,803.02.

29. Further down in the letter it states:

| 1 payment of $5340.91 towards a discounted offer | 3 payments of $2670.45 towards a discounted offer | 12 monthly payments towards the balance in full |

To take advantage of the discounted offer(s), please have payment (or first payment) in our office within 45 days from August 19, 2020.

30. The letter is confusing and deceptive by referring to a "discounted offer" that each payment will "towards", without clearly defining such offer.

31. Alternatively, the letter is confusing and deceptive as it fails to state whether or not the debt will be considered settled if the consumer makes the listed payments.

32. In addition, the "3 payments" option does not have a due date for the second and third payments.

33. Perhaps those payments are due monthly or perhaps they are due before or after that – as only the *first* payment is requested within 45 days of August 19, 2020.

34. It appears that none of the settlement offers have firm due dates as Defendant only *requests* for payment by a specific date, and does not *require* that it be done by that date ("please have payment (or first payment) in our office within 45 days from August 19, 2020").

35. In sum, the consumer is unable to determine what is the amount of the alleged "discounted offer", or whether, if payments are sent, they will be accepted

- 9 -

in full settlement, and further is unable to discern the due dates for some of the settlement installments.

36. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq.*

37. Plaintiff repeats the above paragraphs as if set forth here.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Defendant violated said section, including § 1692e (10), by using false and deceptive means to collect a debt by:

   a. failing to state when some of the settlement payments were due;

   b. failing to state whether or not the settlement payment(s) would be considered payment in full; and

   c. mentioning a "discounted offer" without describing it.

41. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f *et seq.*

42. Plaintiff repeats the above paragraphs as if set forth here.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

44. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

45. Defendant violated this section by

   a. failing to state when some of the settlement payments were due;

   b. failing to state whether or not the settlement payment(s) would be considered payment in full; and

   a. mentioning a "discounted offer" without describing it.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Armand Edery, individually and on behalf of all others similarly situated, demands judgment from Defendant Unifin as follows:

    i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq., as Class Counsel;

    ii. Awarding Plaintiff and the Class statutory damages;

    iii. Awarding Plaintiff and the Class actual damages;

    iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v. Awarding pre-judgment interest and post-judgment interest; and

    vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  November 5, 2020

                                                       THE LAW OFFICES OF
                                                       JONATHAN A. STIEGLITZ

                                        By:      /s/ Jonathan A Stieglitz
                                                       Jonathan A Stieglitz